1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8   ANWAR MOHAMED JEYLANI,

9                         Petitioner,                    CASE NO. 2:25-cv-00343-JLR-BAT

10        v.                                             **ORDER DENYING PETITIONER'S**
                                                         **MOTION TO STRIKE, DKT. 12,**
11  PAMELA BONDI, et al.,                                **AND SETTING SUPPLEMENTAL**
                                                         **BRIEFING SCHEDULE**
12                        Respondent.

13        Petitioner, by counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241

14  seeking release from immigration custody following issuance of an order of final removal, dated

15  August 20, 2024. He seeks release under *Zadvydas v. Davis*, 533 U.S. 678 (2001) arguing "there

16  is not good reason to believe my removal will be effectuated in the reasonably foreseeable

17  future" . . . "because my country Somalia will not accept my return." *See* habeas petition, Dkt. 1

18  at 3-4.

19        Pursuant to the Court's order for service and return, Dkt. 6, Respondents filed "Federal

20  Respondents' Return Memorandum and Motion to Dismiss." Dkt. 7.  Respondents contend the

21  Court should "deny the petition and dismiss this matter." *Id*. at 7. They submit Petitioner is a

22  citizen of Somalia, pleaded guilty in 2019 to Attempted Child Molestation in the Second Degree,

23  Communication with a Minor for Immoral Purposes and Commercial Sexual Abuse of a Minor,

1    and was sentenced to a term of imprisonment of 90 months. *Id.* at 4. Respondents charged

2    Petitioner as removeable under 8 U.S.C. § 1227(a)(2)(A)(i) and 8 U.S.C. § 1227(a)(2)(E)(i)

3    which authorize his removal based upon his felony criminal convictions. On August 20, 2024, an

4    Immigration Judge ordered Petitioner be removed to Somalia. The order became administratively

5    final that day because Petitioner waived his right to appeal.

6         In December 2024, Respondents submitted a travel document application to the Somali

7    government to facilitate Petitioner's removal, and contend the application is still pending.

8    Respondent also advised Petitioner his case would be reviewed for consideration of release if he

9    was not removed within the 90-day time-period set forth in 8 U.S.C. § 1231. Petitioner's latest

10   review is dated March 3, 2025. *See* Dkt. 9 Exhibit I. Respondent also recognizes the Supreme

11   Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001) held the United States may detain noncitizens

12   for the time-period necessary to facilitate removal and detention of six months is presumptively a

13   reasonable time. The six-month presumption in this case expired on February 20, 2025.

14        Petitioner does not dispute Respondents' contentions he is a citizen of Somalia; was

15   convicted of felony crimes which are grounds for removal; a final order of removal was issued in

16   August 2024; Respondents have submitted a travel application to Somalia which is still pending;

17   and Respondent has since the issuance of the final order of removal periodically reviewed his

18   custody status. Rather, Petitioner opposes Respondent's position the Court should deny and

19   dismiss the habeas petition because Somalia has not denied ICE's application for a travel

20   document; ICE is actively working to obtain this travel document; and Somalia is currently

21   accepting individuals removed from the United State. *Id.* at 2.  In essence, Respondents argue

22   unlike the aliens challenging detention in *Zadvydas* whose removal was "no longer practically

23   attainable," Petitioner's removal to Somalia is in process and attainable. *Zadvydas* at 690.

1    In support of his opposition, Petitioner filed, on April 18, 2025  a response to

2    Respondent's Return and Motion to dismiss, in which he argues the Court may entertain a

3    motion to dismiss under Fed. R. Civ. P. 12(b)(6) only if his habeas petition fails to state a claim

4    upon which relief may be granted, and since Petitioner's claim he will not be removed in the

5    reasonably foreseeable future should be accepted as true the Court should deny Respondent's

6    request for dismissal and immediately release him. Dkt. 10.

7        The Court rejects the argument it cannot consider Respondent's return and motion to

8    dismiss. Respondent filed a return arguing the Court should deny the habeas petition and dismiss

9    it. Denial and dismissal are remedies Respondent may seek and their motion to dismiss is thus

10   properly before the Court.

11       Moreover, if the Court scrutinized Petitioner's habeas petition under Rule 12(b)(6), his

12   petition might not pass muster and might be subject to dismissal. To survive a motion to dismiss,

13   a federal civil action must contain sufficient factual matter, accepted as true, to state a claim to

14   relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal

15   conclusions are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations

16   "do not permit the court to infer more than the mere possibility of misconduct," the complaint

17   states no claim. *Id.* at 679. Further the Court need not accept as true "allegations that are merely

18   conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden*

19   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Thus, a plaintiff must provide detailed factual

20   assertions to state a claim and unadorned claims the defendant harmed the plaintiff are

21   insufficient. *Iqbal*, 556 U.S. at 678.

22       Additionally, the requirements set forth in *Iqbal* reflect the pleading requirements of Rule

23   8 and Rule 12 in general civil cases. Habeas Corpus Rule 2(c), which applies here, is more

ORDER DENYING PETITIONER'S MOTION
TO STRIKE, DKT. 12, AND SETTING
SUPPLEMENTAL BRIEFING SCHEDULE - 3

1    demanding in that it requires a habeas petition to "specify all the grounds for relief available to

2    the petitioner" and "state the facts supporting each ground." *See Mayle v. Felix* 545 U.S. 644,

3    655 (2005) ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that

4    point to a real possibility of constitutional error.") (citing Advisory Committee's Note on Habeas

5    Corpus Rule 4, 28 U.S.C., p. 471).

6        Here, Petitioner avers he is a Somali citizen and "there is not a good reason to believe my

7    removal will be effectuated in the reasonably foreseeable future," . . . "because my country will

8    not accept my return." Dkt. 1 (petition). This simply recites in a conclusory fashion, an essential

9    element of a *Zadvydas* claim but presents no specific facts in support of the element and claim.

10   The petition thus falls short of the pleading requirements set forth under both Rule 8 of the Civil

11   Rules and Habeas Rule 2.

12       Despite these potential pleading problems, Petitioner's request for habeas relief is not

13   devoid of merit. Courts have recognized removal of Somali citizens is both challenging and can

14   be significantly delayed or denied in cases in which an alien seeks Temporary Protected Status

15   (TPS). *See Salad v. Department of Corrections,* -- F.Supp.3d --, 2025 WL 732035 (D. Alaska

16   March 7, 2025). In *Salad*, the petitioner sought *Zadvydas* relief from detention pending removal

17   proceedings to Somalia. *Salad* was initially released from custody in 2023 due to delay in

18   removal and redetained in 2025 after the government obtained a temporary travel document from

19   Somalia to facilitate removal. *Id.* at * 9. The Court granted *Salad*'s request for relief on the

20   grounds that even with the issuance of the temporary travel document, it was unknown whether

21   *Salad* could lawfully be removed because it appeared he will receive TPS protection and "remain

22   unremovable." *Id.* at * 15.

23       Petitioner also argues the Court should order limited discovery regarding (1) the number

ORDER DENYING PETITIONER'S MOTION
TO STRIKE, DKT. 12, AND SETTING
SUPPLEMENTAL BRIEFING SCHEDULE - 4

of individuals deported to Somalia in 2025; (2) what communications Respondent has had with Somalia since December 2024 that leads respondent to believe Somalia will issue a travel document; and (3) what is the average and mean time between submitting a request to Somalia for a travel document and receipt of that document.

On April 18, 2025, Respondents filed a "Federal Respondents' Reply," Dkt. 10, to Petitioners' response arguing Petitioner has failed to show there is no reasonable likelihood of removal in the reasonably foreseeable future; that Rule 12(b)(6) is inapplicable to this habeas matter; Respondent's Return is consistent with the Court's order directing they file a return, Dkt. 6, and the Court should deny the request for discovery as his requests are not specific to his case.

On April 25, 2025, Petitioner moved to strike Respondent's reply on the grounds there is no rule authorizing such a reply and arguing the Court should accept from Petitioner a surreply in opposition to Respondent's reply. Dkt.12. The Court's order for return stated "respondent(s) may file and serve a reply [to Petitioner's response]" and thus the Court declines to strike Respondent's reply.

Given the current posture of this case, and to afford the parties the opportunity to fully brief and support their relative positions, the Court **ORDERS**:

1.      Petitioner's motion to strike Respondent's reply, Dkt. 12, is **DENIED**.

2.      The pleadings, declarations, and supportive exhibits the Court has received do not address certain critical facts that are necessary to properly address and resolve this matter. There is no dispute Petitioner is an alien and citizen of Somalia. There is no basis to dispute Respondent's claim they submitted an application for a travel document to Somali in December 2024 and the government of Somalia has not rejected the application. These contentions do not provide a basis for the Court to grant relief and order release, or to deny relief and dismiss the

ORDER DENYING PETITIONER'S MOTION
TO STRIKE, DKT. 12, AND SETTING
SUPPLEMENTAL BRIEFING SCHEDULE - 5

1    case. This is because there is no indication Somalia will grant Petitioner a travel document, and

2    even if a travel document is granted when the grant will occur. Perhaps Somalia will grant the

3    travel document next week or within a reasonably foreseeable time thereby undercutting

4    Petitioner's *Zadvydas* claim. On the other hand, perhaps Somalia will sit on the application for a

5    travel document for years, refuse to indicate what action if any they are or will take, or will

6    simply deny the travel document application, thereby supporting Petitioner's request for relief.

7           2.     It would be to the benefit of the parties 'relative positions, to submit additional

8    evidence so the Court will have a clearer and firmer factual basis to properly make a

9    determination in this case.

10          3.     Petitioner may file a surreply and supportive exhibits no later than **May 16th**

11   **2025.**

12          4.     Respondents may file a reply to the Petitioner's surreply and supportive exhibits

13   no later **June 6, 2025**. General information the government has or is currently able to remove

14   aliens to Somalia, or how many Somali citizens have been removed in 2024 or 2025 is of limited

15   value in resolving this case. The fact some Somali citizens have been or are being removed to

16   Somalia does not resolve whether Petitioner will in the reasonably foreseeable future be removed

17   or not be removed. Specific information about Petitioners' removal is thus needed and necessary.

18          It goes without saying Plaintiff is not well positioned to obtain information which is

19   likely and normally reserved to the Executive branch, such as the specific communications

20   between the United States and Somalia regarding Petitioner's application for travel documents,

21   Somalia's position on whether they intend to accept Petitioner, or the timing of any decision on

22   the application for travel documents in this case. Because Respondent is privy to these matters,

23   Respondent has a responsibility to provide what information it has relevant to these matters.

While the Court's view does not constitute a formal order compelling discovery, Respondent should be aware the Court will be hard pressed to deny the habeas petition if it is unknown what the status is of Petitioner's travel application, and whether there is an approximate date when a travel document will be approved.

5.    The clerk shall note this matter for **June 9, 2025** for the Court's consideration.

6.    The clerk shall provide copies of this order to all counsel and the assigned District Judge.

DATED this 28th day of April, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING PETITIONER'S MOTION
TO STRIKE, DKT. 12, AND SETTING
SUPPLEMENTAL BRIEFING SCHEDULE - 7