UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANWAR MOHAMED JEYLANI, | CASE NO. C25-0343JLR |
| Petitioner, | ORDER |
| v. | |
| PAMELA BONDI, et al., | |
| Respondents. | |

Before the court is United States Magistrate Judge Brian A. Tsuchida's report and recommendation, in which he recommends that the court deny Petitioner Anwar Mohamed Jeylani's 28 U.S.C. § 2241 petition for a writ of habeas corpus and dismiss this case with prejudice. (RR (Dkt. # 17); *see also* Petition (Dkt. # 1).) On June 23, 2025, Mr. Jeylani timely objected to the report and recommendation. (Objections (Dkt. # 18); *see also* RR at 2 (setting June 23, 2025 objection deadline).) Having reviewed Mr. Jeylani's objections, the report and recommendation, the relevant portions of the record,

ORDER - 1

and the governing law, the court OVERRULES Mr. Jeylani's objections and ADOPTS in in its entirety the report and recommendation.[1]

Mr. Jeylani is a citizen of Somalia. (*See* Petition at 3.) He has been in immigration detention since March 12, 2024, and he became subject to a final order of removal on August 20, 2024.[2] (*Id.* at 3.) On February 22, 2025, Mr. Jeylani filed a petition for a writ of habeas corpus, arguing that United States Immigration and Customs Enforcement ("ICE") has been unable to effect his removal because Somalia will not accept his return, and arguing that there is no reason to believe that he will be deported in the reasonably foreseeable future. (*Id.* at 3-4); *see also Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) ("[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."). Mr. Jeylani states he has "done everything that ICE has asked [him] to do to try to get travel documents and will continue to cooperate fully in the process of getting travel documents." (*Id.*)

On March 28, 2025, Respondents filed a return memorandum and moved to dismiss Mr. Jeylani's petition, arguing that the United States is working to obtain travel documents to remove Mr. Jeylani to Somalia, and that Mr. Jeylani fails to show that there

---

[1] To ensure the just and speedy resolution of this matter, the court exercises its discretion to consider Mr. Jeylani's objections before their noting date. *See* Fed. R. Civ. P. 1.

[2] In 2019, Mr. Jeylani pled guilty to multiple criminal offenses and was sentenced to a total term of imprisonment of 90 months. (*See* Andron Decl. (Dkt. # 8) ¶¶ 6-7.) Based upon these offenses, he was charged as deportable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). (*Id.* ¶ 9.)

ORDER - 2

is no significant likelihood of removal in the reasonably foreseeable future. (MTD (Dkt. # 7) at 5-7.)

On April 29, 2025, the court ordered the parties to submit supplemental briefing and additional evidence concerning whether and when Somalia will grant Mr. Jeylani permission to travel. (4/29/25 Order (Dkt. # 13) at 5-7.) The court advised Respondents that the court "will be hard pressed to deny the habeas petition" if the status of Mr. Jeylani's travel application and an approximate date for approval of the application remain unknown. (*Id.* at 7.) The parties timely submitted supplemental briefing. (*See* Pet. Br. (Dkt. # 14); Resp. Br. (Dkt. # 15).) In relevant part, on June 4, 2025, Respondents informed the court that Somalia issued a travel document that will allow ICE to remove Mr. Jeylani to Somalia. (Resp. Br. at 1.) This travel document was issued on May 27, 2025 and remains valid through August 27, 2025. (*Id.*; *see also* Lambert Decl. (Dkt. # 16) ¶ 2, Ex. J (providing a copy of the travel document).)

On June 9, 2025, Magistrate Judge Tsuchida recommended that the court deny Mr. Jeylani's petition for a writ of habeas corpus and dismiss this case with prejudice because Respondents are able to remove Mr. Jeylani to Somalia, and Mr. Jeylani therefore failed to show that there is no significant likelihood that he will be removed in the reasonably foreseeable future. (RR at 2.)

On June 23, 2025, Mr. Jeylani timely objected, arguing that, despite the travel document, he remains in custody and his "continued detention provides no good reason to believe that [he] is substantially likely to be removed to Somalia in the reasonably foreseeable future." (Objections at 1-2 (cleaned up).) The court disagrees with

Mr. Jeylani. The travel document provided by respondents remains valid through August 27, 2025—over two months from today—and Respondents inform the court that they are already in the process of scheduling Mr. Jeylani's travel. (*See* Lambert Decl. ¶ 2, Ex. J; Resp. Br. at 1.) Accordingly, the record shows that Mr. Jeylani's removal is imminent, and the court therefore denies Mr. Jeylani's petition and dismisses this case. If, however, Mr. Jeylani remains in the United States after the expiration of his travel document on August 27, 2025, he may move to reopen this case.

Accordingly, the court OVERRULES Mr. Jeylani's objections (Dkt. # 18) and ADOPTS in its entirety Magistrate Judge Tsuchida's report and recommendation (Dkt. # 17). Further, the court DENIES Mr. Jeylani's petition for a writ of habeas corpus and DISMISSES this action with prejudice.

Dated this 24th day of June, 2025.

JAMES L. ROBART
United States District Judge